UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| STEVON E. NORTHCUTT, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 4:23-cv-00039-JRG-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| ELK RIVER TRAINING CENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Elk River Training Center's motion for a more definite statement and supporting brief [Doc. 7 & Doc. 8], filed pursuant to Federal Rule of Civil Procedure 12(e).[1] Plaintiffs did not file a response to the motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). The Court deems Plaintiffs' failure to respond to be a waiver of any opposition to the relief sought. E.D. Tenn. L.R. 7.2.

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Granting Rule 12(e) motions is "generally disfavored by district courts, given the liberal notice pleading standards of federal civil procedure and the accompanying nature of pretrial discovery." *Philadelphia Indem. Ins. Co. v. Lacey*, No. 3:18-cv-38, 2018 WL 11224331, at *2 (E.D. Tenn. Mar. 6, 2018) (citations omitted). However, in this case Plaintiffs have waived any opposition to the requested relief and Defendant has raised reasonable concerns regarding the complaint's possibly vague and ambiguous claims against it.

---

[1] Although represented by the same counsel, Defendant Oded Krashinsky did not join in the motion. Since the filing of the original complaint, which was removed to this court from the Grundy County Circuit Court, Plaintiffs have retained new counsel.

Accordingly, Defendant's motion for more definite statement [Doc. 7] is **GRANTED. Within 14 days of the entry of this Order,** Plaintiffs **SHALL** file a proper amended complaint in full compliance with the Federal Rules of Civil Procedure and Local Rule 15.1, which provides that any amendment shall "reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." E.D. Tenn. L.R. 15.

Any failure to comply with this Order may result in the Court's imposition of sanctions under the Federal Rules of Civil Procedure up to and including dismissal of this action. *See* Fed. R. Civ. P. 12(e).

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE