STEVON ERIC NORTHCUTT,           )
CINDY NORTHCUTT, and             )
CHASE NORTHCUTT,                 )
                                 )
    Plaintiffs,          )
                                 )       **Civil Action No: 4:23-cv-00039**
v.                               )
                                 )
ELK RIVER TRAINING CENTER,       )
ODED KRASHINSKY, and             )
KAZI FARHAD,                     )
                                 )
    Defendants.          )

## AMENDED COMPLAINT

Come the Plaintiffs, Cindy Northcutt, Eric Northcutt, and Chase Northcutt, and sue the

Defendants based upon the following:

### PARTIES

At all times relative to the Amended Complaint herein, the Plaintiffs Stevon Eric

Northcutt, Cindy Northcutt and Chase Northcutt were resident citizens of Grundy County,

Tennessee residing at 1738 Payne Cove Road, Pelham, Tennessee and have been so for over 30

years.

That at all times relative to the complaint herein, the Defendants Elk River Training

Center, Inc. and Oded Krashinsky individually, collectively or any combination there with,

owned and operated a firearms firing range, located just over a mile away from the Plaintiffs'

residence. Upon information and belief, the Defendant Elk River Training Center, Inc. is a

Delaware corporation with its principal place of business located at 16117 Covello Street, Van

Nuys, California, and was so at all times relative to the Amended Complaint herein. It can be served through its registered agent at Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312. Additionally, the said Elk River Training Center is owned and operated by Oded Krashinsky individually, or jointly with Elk River Training Center, Inc. At all times relative hereto, the Defendant Obed Krashinsky was a resident citizen of the State of California. Defendant Kazi Farhad, at all times relative hereto, was a resident citizen of the State of Florida residing in Palm Beach, Florida.

## JURISDICTION AND VENUE

1.     This court has jurisdiction of this matter under the authority of 28 U.S.C. § 1332, because the Plaintiffs and all Defendants are residents of different states and there is more than $75,000 in controversy.

2.     Additionally, the Defendants previously removed this matter under the authority of 28 U.S.C. § 1446.

3.     Venue is proper in the Eastern District of Tennessee because the location of the firing range and the Plaintiffs' residence is within Grundy County, Tennessee located within the Eastern District of Tennessee.

## FACTS

4.     On or about the 22nd day of November 2022 in the morning hours, the Plaintiffs, Cindy Northcutt and Chase Northcutt, son of Stevon and Cindy, were at their home in Pelham, Tennessee. Chase Northcutt was asleep, having worked the second shift the previous evening. Suddenly and without warning, Cindy Northcutt heard a loud explosion. A 50-caliber round of ammunition had entered the wall of her living room, struck the Christmas tree, and traveled into

2

the room in which Chase Northcutt was sleeping. As she fearfully opened the door to his room to determine his well-being, she discovered the 50-caliber round of ammunition on the floor of his bedroom. Upon calling her husband, Stephen Northcutt, they contacted the Grundy County Sheriff's Department, who conducted an investigation. The investigation determined that the ammunition had been fired at the Elk River Training Center by the Defendant Kazi Farhad of Palm Beach, Florida. Mr. Farhad had been shooting the weapon that fires 50-caliber ammunition.

5.      Thereafter, in spite of promises by the manager of the Elk River Training Center firing range that no weapons firing large caliber ammunition would be fired from this firing range, on or about the 18th day of August 2023, the Plaintiffs arrived home to discover a 30-caliber round of ammunition had pierced their home in the living area. This round of ammunition likewise was fired at the Defendant's Elk River Training Center. The Plaintiffs contacted the Grundy County Sheriff's Department who, along with The Tennessee Bureau of Investigation, investigated the matter. Upon investigating the premises, they discovered that a third round of ammunition, likely a 30-caliber, had pierced the Plaintiffs' wooden stove used to heat their home and cabinet workshop, where Eric Northcutt makes his living. It is not known specifically when this round of ammunition was fired, but it had occurred sometime between the first 50-caliber round on or about November 22, 2022, and the 30-caliber round on August 18, 2023.

6.      The negligence and violation of statutes and governmental regulations is the proximate cause of the injuries to the Plaintiffs. The continued shelling of their home has proximately caused the Plaintiffs to suffer great anxiety, emotional distress, constant fear of being struck by a high-caliber round of ammunition as well as physical damage to their home owned by Stevon Eric Northcutt and Cindy Northcutt, diminution in value, and other damages.

3

## CAUSES OF ACTION

7.      The aforementioned actions of the Defendants constitute violations of the following statutes, and thus are negligence *per se*:

a.)      Assault - Tenn. Code Ann. § 39-13-101

b.)      Reckless Endangerment - Tenn. Code Ann. § 39-13-103

c.)      Violation of Firing Range Requirements, Tennessee Comprehensive Rules & Regulations 1340-02-03-.07. Said violations constitute strict liability and negligence per se on behalf of the Defendants which caused the Plaintiffs' injuries and damages.

d.)      Other offenses – Physical Injury to Victim - Tenn. Code Ann. § 39-13-105

e.)      Defendants failed to comply with their duty to a reasonable person's standard of care in order to protect against unreasonable risk of harm to the Plaintiffs, allowed unqualified individuals to shoot high caliber ammunition or failed to properly supervise shooters of high caliber ammunition and are responsible to the Plaintiffs under both imputed negligence and vicarious liability theories.

f.)      Res ipsa loquitur - that all of the aforementioned rounds of ammunition shot into the Plaintiffs' home was done so by inference that a reasonable person would conclude that the injury would not have occurred, except for the negligence of the Defendants.

g.)      That the Defendants Obed Krashinsky and Elk River Training Center, Inc. negligently failed to adequately train, warn, and otherwise prepare shooters of weapons on their range of the dangers to nearby residents including the Plaintiffs, resulting in the Plaintiffs' damage stated herein.

4

h.) That the Defendants operated and maintained a public nuisance.

i.) That the Defendants are strictly liable to the Plaintiffs as a result of their violation of statutes and conducting a hazardous activity on their property.

j. That the Defendants negligently entrusted the operation of the firing range to someone who was improperly trained and not qualified to do so and negligently entrusted shooters without knowing their skills and without testing them or training them to prevent injury to the Plaintiffs.

k.) The actions or inactions of the Defendants constituted gross negligence and a conscious disregard of the safety of others and a callous indifference to the consequences.

l.) By negligent design authorizing and allowing others to fire high-caliber round ammunition at the firing range, knowing or should have known that the safety barriers and other equipment were insufficient to prevent the rounds of ammunition from piercing the Plaintiffs' home, on multiple occasions, the Defendants are liable to the Plaintiffs for gross negligence. They failed to comply with government standards and violated T.C.A. § 29-28-104. The Defendants operated a firing range in a dangerous and/or defective condition.

m.) That the negligent actions and inactions of the Defendants constitute intentional and negligent infliction of emotional distress upon the Plaintiffs.

n.) That the actions or inactions of the Defendants individually, collectively or any combination thereof, proximately caused the Plaintiffs' injuries and damages, including but not limited to the diminution in value of their home, for which the Defendants are liable to the Plaintiffs.

5

o.) Even after the Defendants learned that their firing range was causing the problems hereinabove described, they continued operating the range without correcting the problems and are liable to the Plaintiffs under the theory of negligent infliction of emotional distress, intentional infliction of emotional distress and punitive damages.

p.) The Defendant Kazi Farhad negligently fired a weapon that missed all barriers knowing the high caliber and power of the ammunition as well as the range of the ammunition. He knew or should have known the consequences of his actions.

q.) Violation of Range Design Criteria, U.S. Department of Energy O 473.3, Protection Program Operations. Said violations constitute strict liability and negligence per se on behalf of the Defendants which caused the Plaintiffs' injuries and damages.

8. The number and nature of the instances wherein large rounds of ammunition entered their home, have proximately caused constant anxiety, fear and emotional distress to the Plaintiffs, as they constantly wonder whether additional rounds of ammunition will be fired into their home, or worse strike one of them while at home. Cindy Northcutt has sought medical attention for these conditions. Eric Northcutt has exhibited signs of fear and anxiety in the presence of others, when certain sounds in his cabinet workshop are made that are similar to gunshot sounds. They are unable to experience the enjoyment of life, which they have lost since the beginning of these instances. The actions of the Defendants have likewise caused property damage to the home of Stevon Eric Northcutt and Cindy Northcutt, for which they are entitled to recover. They have also suffered damage to their personal property. Their personal and real property will need to be repaired and it has also lost value of the property.

6

## PRAYER FOR RELIEF

9.     Wherefore, the Plaintiff Stevon Eric Northcutt sues the Defendants for an amount in excess of $75,000.00 for his property damage and an amount in excess of $75,000.00 for his personal injuries. Plaintiff Cindy Northcutt sues the Defendants for an amount in excess of $75,000.00 for her property damage and an amount in excess of $75,000.00 for her personal injuries. Plaintiff Chase Northcutt sues the Defendants for an amount in excess of $75,000.00 for his personal injuries and Plaintiffs demand that a jury be impaneled to try the issues of this cause.

Respectfully submitted,

WILLIAM C. KILLIAN, ATTORNEY

By: _Walla=CKll~_

William C. Killian, BPR#002425
801 Broad Street, Suite 428
Chattanooga, TN 37402
Telephone: (423) 265-8804
Facsimile: (423) 267-5916
billkillian@cawpllc.com

BERKE, BERKE, & BERKE

By: _____

Ronald J. Berke BPR#1741
420 Frazier Avenue
Post Office Box 4747
Chattanooga, Tennessee 37405
Telephone: (423) 266-5171
Facsimile: (423) 265-5307
ronnie@berkeattys.com
*Attorneys for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Ronald J. Berke

8