UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| STEVON E. NORTHCUTT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-39-JRG-MJD |
| | ) | |
| ELK RIVER TRAINING CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is A Motion for Leave to File Answer Instanter to Elk River Training Center, Inc.'s Crossclaim, filed by Defendant Kazi Farhad ("Elk River" and "Farhad") [Doc. 43]. The motion is accompanied by Farhad's proposed answer [Doc. 43-1]. No party has filed any objection or response to the motion, and the time for doing so has now passed. *See* E.D. Tenn. L.R. 7.1. The Court finds any opposition to the relief sought in the motion has therefore been waived. *See* E.D. Tenn. L.R. 7.2.

Plaintiffs in this case filed an amended complaint on November 17, 2023 [Doc. 14]. After some apparent difficulty, Farhad was finally served in March 2024 [Doc. 31]. Acting pro se, Farhad filed an answer to the amended complaint as well as crossclaims against Elk River and another codefendant, Oded Krashinsky ("Krashinsky"), on April 8, 2024 [Doc. 32]. Elk River and Krashinsky answered Farhad's crossclaim and filed their own crossclaim against Farhad on April 26, 2024 [Doc. 33]. Then, according to the instant motion, "Farhad developed medical complications that have caused him to be hospitalized and interfered with his ability to actively participate in the litigation." [Doc. 43 at Page ID # 193]. Farhad indicates he "provided notice of his medical issues to counsel for all parties." [*Id.*].

At some point, Farhad retained counsel, who entered an appearance on his behalf on May 21, 2025 [Doc. 42]. Counsel noticed Farhad had never filed an answer to Elk River and Krashinsky's crossclaim and filed the instant motion on June 2, 2025.

Farhad acknowledges the deadline for answering his codefendants' crossclaim has long expired. Federal Rule of Civil Procedure 6 governs requests for extensions of expired deadlines. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specific time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). The Court has discretion to determine whether a party has failed to act because of excusable neglect. *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, No. 3:16-CV-527-CRS, 2017 WL 472093, at *2 (W.D. Ky. Feb. 3, 2017) (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.")).

In determining whether excusable neglect exists, the Court considers the *Pioneer*[1] factors: (1) danger of prejudice to the nonmoving party, (2) length of the delay and its potential impact on judicial proceedings, (3) reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *See Nafziger*, 467 F.3d at 522 (citing *Pioneer*, 507 U.S. at 395). The "factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380 (1993).

The delay in this case is lengthy as Farhad admits; indeed, discovery is now closed. And counsel's explanation of the nature and timing of Farhad's illness/hospitalization is rather vague. Nevertheless, the Court finds the *Pioneer* factors weigh in favor of finding excusable neglect. Of particular significance are the lack of any opposition from Plaintiffs or Farhad's codefendants, Farhad's pro se status during the period of delay, and the fact that Farhad's counsel acted quicky to attempt to rectify the situation shortly after being retained and entering an appearance. In addition, nothing in the record suggests Farhad acted in bad faith.

Accordingly, Farhad's motion [Doc. 43] is **GRANTED**. Farhad is **ORDERED** to file his proposed answer [Doc. 43-1] to Elk River and Krashinsky's crossclaim as a separate docket entry within **SEVEN DAYS** of entry of this Order. Farhad has not requested any modifications to the current scheduling order [Doc. 38], and the Court therefore has not considered any such modifications.[2] The Court's findings herein apply only to the specific, unopposed relief requested in the motion.

SO ORDERED.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes Elk River filed a Motion to Amend Scheduling Order on June 18, 2025 [Doc. 44]. That motion is not ripe and is not before the Court.